## PLEADINGS SO SHAPED AS TO COVER ALL ISSUES.

Common Pleas Court of Hamilton County.

OHIO ELECTRIC RAILWAY CO. v. UNITED STATES EXPRESS CO.

Decided, June, 1916.

*Pleading—Amendments Proper Which Will Make a Determination of all the Issues Possible.*

An amendment will be permitted to a petition, where it tends to so shape the pleadings as to permit of a determination of all the issues presented.

*Maxwell & Ramsey* and *G. H. Warrington,* for plaintiff.
*Harmon, Colston, Goldsmith & Hoadly,* contra.

WARNER, J.

Heard on motion for leave to file amended petition.

The petition was filed on June 25, 1914, and declared on a contract between the parties made on May 1, 1909, by the terms of which the plaintiff granted to defendant the exclusive right of forwarding express matter over the lines of plaintiff for a period of ten years, and sought to recover on the alleged breach of one paragraph of said contract.

The amended petition now sought to be filed declares on the same contract and alleges the entire breach thereof, including the paragraph specifically alleged in the petition.

Said amended petition alleges that "on May 28th, 1914, the defendant having determined to go out of the express business and to liquidate its affairs, wholly without right, gave notice to plaintiff in writing that after June 30th, 1914, it would refuse to be longer bound by" said contract "and would discontinue entirely the operation of said express business over plantiff's lines."

This is an allegation of an anticipatory breach of said contract, and the amended petition now sought to be filed might

well have been brought as the original petition in this case. *Roehm* v. *Horst,* 178 U. S., 1, and cases therein cited.

That case points out that two ways were open to plaintiff upon receipt of said notice of discontinuance:

1. It might treat the notice as inoperative and await the probable breach, and sue thereafter; or

2. Treat the repudiation as a wrongful ending of the contract and sue at once.

The amended petition proceeds upon the last mentioned course.

The first of above ways would not be proper or available in this case, because under Section 11368, General Code, a supplemental petition alleging a cause of action accruing after the filing of the petition is not permissible under the terms of said section. Therefore a supplemental petition was stricken from the files heretofore in this case.

Under the liberal provisions of Section 11363, General Code, as to amendments, I think the plaintiff should be permitted to file this amended petition. It is certainly in furtherance of justice that the entire case arising out of said contract and its alleged breach by defendant should be decided in one action.

I am disposed, therefore, at this preliminary stage of the case, and before trial, to permit such an adjustment of the pleadings as will dispose of all the issues that arise under said contract.

The amended petition may be filed.